Case 8:11-cv-02327-SDM-TBM   Document 15   Filed 09/24/14   Page 1 of 4 PageID 851

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAY LAMAR JOHNSTON,

    Petitioner,

v.                                   CASE NO. 8:11-cv-2327-T-23TBM
                                                      **DEATH CASE**

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

This action proceeds under Johnston's amended Section 2254 application (Doc. 8), in which he challenges the validity of both his conviction for murder and his sentence of death. The respondent moves to dismiss the amended application as untimely. (Doc. 11) The linchpin to the application's timeliness is whether the federal limitation was tolled by Johnston's state motion for post-conviction relief.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The respondent admits both that Johnston filed a paper in state court before the federal limitation deadline and that this federal application is timely if that paper qualifies as a state motion for post-conviction relief that tolled the federal limitation.

*Sibley v. Culliver*, 377 F.3d 1196 (11th Cir. 2004), recognizes that "Congress enacted § 2244(d)(2) to allow the deadline for federal filings to be tolled when a prisoner legitimately pursues state remedies in good faith, and did not intend it to be triggered simply because a prisoner mailed nonsense to a state court." 377 F.3d at 1201. The good faith pursuit of a state remedy requires that "the document must contain something vaguely approaching legitimate, relevant, coherent legal analysis." 377 F.3d at 1200. *Sibley* holds that the standard "is by no means . . . high," but "there is an outer limit to the nonsense a petitioner may include in a purported 'application for post-conviction or other relief' and still have it count as such. 377 F.3d at 1200-01.

The respondent contends that the paper Johnston filed in state court was merely an "incomplete 'shell' motion to vacate," which is insufficient to toll the federal limitation. *See, e.g., San Martin v. McNeil*, 633 F.3d 1257, 1261 (11th Cir.) ("In the shell motion, Petitioner admitted that he was filing the motion to toll the federal habeas statute of limitations, claimed that his counsel was overworked, listed a series

of claim headings, said that his counsel was not prepared to raise the claims, and signed the attached verification."), *cert. denied*, 132 S. Ct. 158 (2011).  In the state court proceedings, the state moved to strike the "incomplete 'shell' motion to vacate" because in that paper Johnston requested leave to amend his paper and disclosed that some grounds were not completely briefed.  The motion to strike was unsuccessful.

The respondent attaches seven exhibits to the present motion to dismiss the amended application, specifically two orders from Johnston's direct appeal, two orders from the post-conviction court, two orders from the post-conviction appeal, and the state's motion to strike.  Noticeably missing is Johnston's supposed "incomplete 'shell' motion to vacate."  Johnston attaches the paper to his opposition to the respondent's motion to dismiss. What the respondent contends is an "incomplete 'shell' motion to vacate" is nearly seventy pages in length and asserts sixteen grounds for relief (nearly all of which are substantially briefed).  Although the paper identifies a few additional potential grounds and needs an amendment, unlike the motion in *San Martin*, Johnston's Rule 3.851 motion asserts specific legal claims and provides "legitimate, relevant, coherent legal analysis."  *Shipley*, 377 F.3d at 1200.

Accordingly, the respondent's motion to dismiss (Doc. 11) is **DENIED**.  On or before **MONDAY, NOVEMBER 24, 2014**, the respondent must assert any procedural challenges to the specific claims in the application, as explained in the earlier order.  (Doc. 9)  On or before **MONDAY, DECEMBER 29, 2014**, (or within

thirty days after the respondent complies with this order, whichever occurs later) Johnston must respond.  The respondent may reply in **TWENTY (20) DAYS** .

ORDERED in Tampa, Florida, on September 24, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE